FILED
2017 Nov-29  PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Clyde S. Moore, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| Palisades Collection, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Clyde S. Moore, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts business here.

## PARTIES

3.      Plaintiff, Clyde S. Moore ("Moore"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a delinquent consumer debt, which he allegedly owed for a Bank One credit card.

4.      Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant Palisades operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant Palisades was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Palisades is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon by itself, or through other collection agencies.  Defendant Palisades' principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6.      Defendant Palisades is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A.  In fact, Defendant Palisades stated nature of business is debt collection and it conducts extensive business in Alabama.

## FACTUAL ALLEGATIONS

7.      Due to the tough economic times, on August 1, 2012, Mr. Moore and his wife had to file a Chapter 13 bankruptcy petition in a matter styled In re: Moore, N.D. AL. Bankr. No. 12-82454.   Among the creditors/debts listed on the Moores' Schedule of Debts included in the bankruptcy was a debt he allegedly owed to Palisades for a Bank One/First USA credit card account, which Palisades had purchased after he Mr. Moore had defaulted on it, see, Schedule attached as Exhibit B.

8.      Accordingly, on August 4, 2012, Palisades was sent, via U.S. Mail, notice

of the bankruptcy by the court, <u>see</u>, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit <u>C</u>.

9.      On October 9, 2012, the Moore's bankruptcy plan was confirmed and on October 11, 2012, Palisades was sent, via U.S. Mail, notice of this confirmation, <u>see</u>, the Certificate of Service to the Confirmation Order, which is attached as Exhibit <u>D</u>.

10.     Moreover, on August 21, 2012, Palisades filed a Proof of Claim on the Bank One/First USA debt.  A copy of Palisades Proof of Claim is attached as Exhibit <u>E</u>.

11.     Thereafter, for the next four years, from May 1, 2013 to April 3, 2017, Palisades received regular monthly payments from the bankruptcy court on its proof of claim, <u>see</u>, Claims Register, attached as Exhibit <u>F</u>.

12.     Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files of Palisades, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services such as LexisNexis Bank Solutions.

13.     Nonetheless, Defendant Palisades sent a letter, dated April 24, 2017, directly to Mr. Moore regarding payment of the Bank One/First USA debt.  A copy of this collection letter is attached as Exhibit <u>G</u>.

14.     Defendant's violations of the FDCPA were material because Defendant's continued collection communications after he had filed for bankruptcy and faithfully made his plan payments made Plaintiff believe that his exercise of his right to be represented by an attorney and to file bankruptcy may have been futile and that he did not have the rights that Congress had granted him under the Bankruptcy Code and the FDCPA.

15.     All of Defendant Palisades' collection actions at issue in this matter

occurred within one year of the date of this Complaint.

16.    Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

17.    Plaintiff adopts and realleges ¶¶ 1-16.

18.    Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

19.    Demanding payment of a debt that is no longer directly owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

20.    Defendant Palisades' violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications**

21.    Plaintiff adopts and realleges ¶¶ 1-16.

22.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated, see, 15

U.S.C. § 1692c(c).

23.    Here, the bankruptcy and the notices issued by that court (Exhibits <u>C</u> and <u>D</u>) provided notice to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment (Exhibit <u>G</u>), Defendant violated § 1692c(c) of the FDCPA.

24.    Defendant Palisades' violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(a)(2) Of The FDCPA –**
**Communicating With A Consumer Represented By Counsel**

25.    Plaintiff adopts and realleges ¶¶ 1-16.

26.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

27.    The notices sent to Palisades during the bankruptcy gave notice that Plaintiff was represented by an attorney in connection with this debt.  Accordingly, Defendant knew or should have known of Plaintiff's representation by counsel before it sent out the collection letter.

28.    By sending a letter directly to Mr. Moore, despite notice that he was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

29.    Defendant Palisades' violation of § 1692c(a)(2) of the FDCPA renders it

liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §

1692k.

## CLASS ALLEGATIONS

30.    Plaintiff, Clyde S. Moore, brings this action individually and as a class

action on behalf of all persons similarly situated in the State of Alabama from whom

Defendant attempted to collect a delinquent consumer debt, which was subject to a

bankruptcy, via the same form collection letter that Defendant sent to Plaintiff (Exhibit

G), from one year before the date of this Complaint to the present.  This action seeks a

finding that Defendant's collection action violates the FDCPA, and asks that the Court

award damages as authorized by § 1692k(a)(2) of the FDCPA.

31.    Defendant Palisades regularly engages in debt collection, using the same

form collection letter that it sent Plaintiff Moore, in its attempts to collect delinquent

consumer debts from other consumers.

32.    The Class consists of more than 35 persons from whom Defendant

Palisades attempted to collect delinquent consumer debts subject to a bankruptcy by

sending other consumers the same form collection letter it sent Plaintiff Moore.

33.    Plaintiff Moore's claims are typical of the claims of the Class.  Common

questions of law or fact raised by this class action complaint affect all members of the

Class and predominate over any individual issues.  Common relief is therefore sought

on behalf of all members of the Class.  This class action is superior to other available

methods for the fair and efficient adjudication of this controversy.

34.    The prosecution of separate actions by individual members of the Class

would create a risk of inconsistent or varying adjudications with respect to the individual

members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

35.    Plaintiff Moore will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Moore has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

### PRAYER FOR RELIEF

Plaintiff, Clyde S. Moore, individually and on behalf of all other similarly situated, prays that this Court:

1.    Certify this matter as a class action, and appoint Plaintiff Moore as the class representative, and his attorneys as class counsel;

2.    Find that Defendant's collection actions violated the FDCPA;

3.    Enter judgment in favor of Plaintiff Moore and the class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

4.    Grant such further relief as deemed just.

7

## JURY DEMAND

Plaintiff, Clyde Moore, individually and on behalf of all others similarly situated,

demands trial by jury.

Clyde Moore, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys


By: /s/ Ronald C. Sykstus
One of Plaintiff's Attorneys

Dated:  November 29, 2017

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps     (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com